EASTERN DIST.
*March,* 1840.

STATE
OF LOUISIANA
*vs*
JUDGE OF THE
PARISH COURT.
So, where the vendors sued the vendee for a specific compliance with the terms of adjudication, and payment of the price, and failed to enforce payment : *Held,* that an action for a rescission of the sale afterwards was well brought.

STATE OF LOUISIANA *vs.* JUDGE OF THE PARISH COURT.

ON AN APPLICATION FOR A MANDAMUS.

Previous to the promulgation of the Louisiana Code, and Code of Practice, the appointment of a curator *ad hoc* to an absentee, was not authorized by law.

In an action of nullity, brought by the defendant therein, to annul a judgment obtained against him, as a citizen of this state, by *foreign creditors,* who never resided or owned any property in Louisiana : *Held,* that the suit be sustained by the appointment of a curator *ad hoc* to the absentees.

This case comes before the court on an application for a *mandamus,* commanding the parish judge, to appoint a curator *ad hoc,* to certain absentees, who are made defendants in a suit, pending in this court.

The record shows, that William De Forest Holly and others, non-residents and foreigners, obtained a judgment against Eugene Ory, in the Parish Court for the parish and city of New-Orleans. Ory, believing this judgment to be

11      VOL. XV.

EASTERN DIST.
March, 1840.

STATE
OF LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

unjust, illegal and null, instituted his action of nullity against the plaintiffs therein, in the same, court, to annul and set it aside. The plaintiffs in that judgment, became defendants in this suit; and being non-residents, never having resided, or held property of any kind, in this state, a curator *ad hoc* was prayed for to represent said absentees, on filing the petition. The parish judge refused to make the appointment on several grounds, and was of opinion that such an action could not be sustained.

*Grandment,* for the plaintiff, applied to this court for a *mandamus,* to compel the parish judge to make the appointment of curator *ad hoc,* as prayed for.

A rule to show cause was taken on the judge, who appeared and showed for cause, the grounds stated in the opinion of this court.

*Simon, J.,* delivered the opinion of the court.

A rule having been taken on the judge of the Parish Court, to show cause why a *mandamus* should not issue, commanding him to appoint a curator *ad hoc,* to defend Wm. De Forest Holly et al., in a suit instituted against them by Eugene Ory, and pending in his court, he showed for cause: 1st. That the rule has been taken at his suggestion, in order to obtain the opinion of this court upon a point of legal practice on which a great deal of doubt and difference of opinion seem to exist. 2d. That the suit instituted by Eugene Ory, has for its object to obtain the nullity of a judgment rendered in favor of the actual defendants against him; that an action of nullity is separate and distinct from that in which the judgment sought to be annulled was rendered, and that the defendant must be cited as in ordinary suits. 3d. That the persons who are made defendants in this suit have never resided in the state; that they never were arrested, and no property of theirs has ever been attached. That, in his opinion, the only absentees to whom our courts can appoint a curator *ad hoc,* are those who have resided in the state and have departed without leaving any

Eastern Dist.
*March*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
PARISH COURT.

one to represent them; and that those absentees who were never domiciliated in the state, and reside abroad, cannot be brought into our courts as defendants by curators *ad hoc.* 4th. That were it otherwise, the courts of the state of Louisiana would take jurisdiction of any case arising in any part of the world.    5th. And that, in his opinion, the only means of bringing, legally, the defendants in this case before our courts, would be to attack the judgment attached, as their property.

It appears that De Forest Holly et al., who, it is contended, cannot, as absentees who never were domiciliated in the state, be brought before our courts, obtained in the course of last year, a judgment against the applicant for a certain sum of money. Eugene Ory, who, for certain reasons unnecessary to inquire into, is dissatisfied with the judgment, brings an action of nullity against his foreign judgment creditors, and seeks to set aside said judgment by them obtained by virtue and under the protection of our laws; but the difficulty, in the opinion of the parish judge, is to reach the defendants, and to carry on the action contradictorily with them.

We were inclined to believe that the decision of the case of George *vs.* Fitzgerald, reported in 12 *Louisiana Reports,* 604, settled the question in such a manner as to leave little doubt on the subject; but it appears that some of our learned brethren of the inferior tribunals, and members of the bar, entertain yet some very strong doubts whether our legislature has ever intended to extend the jurisdiction of our courts over persons who never were domiciliated in the state and who reside abroad, and whether such persons can be brought before our courts by the appointment of curators *ad hoc.*    It will be conceded, as this court has said in the case of George *vs.* Fitzgerald; that previous to the promulgation of the Louisiana Code and Code of Practice, the appointment of a curator *ad hoc* to an absentee, was not authorized by law; and that the jurisprudence as fixed at that time, cannot have any weight on the present question.

But our present codes seem to have provided for all cases in which absent persons may be interested, or in which rights

EASTERN DIST.
March, 1840.

STATE
OF LOUISIANA
vs.
JUDGE OF THE
PARISH COURT.

are to be exercised by or against them ; whether domiciliated in or out of the state, and whether they have property or a known agent therein or not. A distinction, however, is to be made between absentees who have property in the state with or without an agent to administer it, and absentees who have neither property or agent in our country, but for or against whom actions are to be brought before our courts of justice. The article 57, of the Civil Code, provides, that "if a suit be instituted against an absentee who has no known agent in the state, or for the administration of whose property no curator has been appointed, the judge before whom the suit is pending, shall appoint a curator *ad hoc*, to defend the absentee in the suit." That article relates particularly to that class of absentees who have left property in the state, and who, in case no curator has been appointed to them according to article 414, are to be represented by a curator *ad hoc.* The article 50, shows the correctness of this interpretation ; and the articles 963 and 964, of the Code of Practice, indicate the rules of proceedings in both cases.

But in the present case, the absentee who is sued has no property, and does not reside in the state, nor has he any agent therein to represent him, and it is contended that the party who wishes to bring an action against him, has no remedy to enforce his rights against the absentee, within the limits of the state. We are aware that a judgment rendered against a person who resides out of the state, and has no property in it, would, perhaps, be unavailable, and might not be respected in another country ; but whenever our courts have, in the administration of justice, to render a judgment between parties litigant, they are to presume that it is to be executed by virtue of the laws of Louisiana, under the protection of which it was obtained ; and have not to inquire into the future effect of their judgments, when sought to be executed in another country. The article 116 of the Code of Practice, contains a very similar provision to those of the article 57 of the Civil Code, and 964 of the Code of Practice ; but the right is more extensive, and appears to be subject to no restriction or limitation. It is in these words:

"The same course (that of appointing a curator *ad hoc*,) must be pursued, if the person intended to be sued be absent and not represented in the state." The question then presents itself, what is the meaning, under our laws, of the word "absent," and on referring to the article 3522 of the Civil Code, "*De verborum significatione*," we find, section 1, that "Absentee is the person who has resided in the state, and has departed without leaving any one to represent him. And section 2, it means also the person who never was domiciliated in the state, and resides abroad." This definition appears to be very broad, and the doctrine which we are about establishing under it, would undoubtedly be subject to be very much controverted and even criticised ; for it seems at first blush very strange, and even absurd, that an individual should be said to be absent from a place where he never was present, and that the rest of the world should be considered by us as absentees from the state of Louisiana ; but such was the will of the legislator, and our duty is to obey it, and to give effect to his laws as they were passed and promulgated.

In this particular case, it appears to us necessary that a curator *ad hoc*, should be appointed to the absentees, in order to represent them in the action of nullity ; and we are glad to find that our laws have afforded means by which they can be reached. The judgment by them obtained against one of our citizens, would stand good and valid until it be annulled, and if an action of nullity is denied to the plaintiff, he might perhaps be unjustly made to pay a debt which he does not owe ; and he would be without remedy under a system of laws made for his protection. If the absentees thought proper to apply to our laws for relief against one of our citizens, it is nothing but right that the same relief should be granted against them ; and they cannot complain.

With regard to the suggestion made by the parish judge, to bring the defendants before his court, by attaching the judgment sought to be annulled :· this course becomes now unnecessary ; but it seems to us it would have been a dangerous course to be pursued, as it might perhaps be construed as an

EASTERN DIST.
*March*, 1840.

STATE
OF LOUISIANA
*vs.*
JUDGE OF THE
PARISH COURT.

In an action of nullity, brought by the defendant therein, to annul a judgment obtained against him, as a citizen of this state, by *foreign creditors*, who never resided or owned any property in Louisiana, the suit will be sustained by the appointment of a curator *ad hoc* to the absentees.

EASTERN DIST. acknowledgment of the correctness and validity of the
*March,* 1840. judgment, and an acquiescence in its legal force and effect.

Let the rule be made absolute.